### In re ALLEN.

(District Court, M. D. Pennsylvania. April 11, 1910.)

No. 1,558.

BANKRUPTCY (§ 140*)—PROPERTY PASSING TO TRUSTEE—RIGHT OF SELLER TO RECLAIM GOODS—STOPPAGE IN TRANSITU.

Where goods previously ordered were shipped to a bankrupt after his bankruptcy and delivered to his receiver, who paid the freight and took possession of them, it was then too late for the seller to lay a foundation for reclaiming them from the trustee by an attempted exercise of the right of stoppage in transitu.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of I. J. Allen, bankrupt. Sur petition of Wolfe Bros. Shoe Company for the reclamation of certain property. Petition dismissed.

C. E. Sprout, for the petition.
M. C. Rhone, opposed.

ARCHBALD, District Judge. The petition charges that the goods in controversy were obtained by fraud and misrepresentation. There is no specification of what the fraud consisted in, and the petition might well have been dismissed because of that. The petitioners, however, have abandoned the original charge, and now set up an attempted stoppage in transitu. But that is not sustained by the evidence. The goods were shipped from Akron, Ohio, on January 5 and the bill for them was received by the bankrupt the day following. But he had already gone into bankruptcy on January 1, and he therefore got Mr. Spencer, his attorney, to write to the petitioners, giving them the situation, so that they might protect their interests. In the meantime, however, the receiver, being informed that there were some goods at the freight house which belonged to the bankrupt, went and got them, paying the freight charges, and having the goods hauled to the bankrupt's store by a drayman. Until there was an actual delivery, the right of the petitioners to stop and reclaim the goods was unquestionable. But not afterwards. It was too late, once the receiver representing the estate had taken possession of them.

The proceedings are dismissed, at the cost of the petitioners.